# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1, Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443-5393 | August 21 2018<br>Month Day Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | New London | Major: T    Minor: 90 |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLC, 582 West Main Street, Norwich, CT 6360 | 419515 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 886-9300 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes  ☒ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: | Denson, Daniel | P-01 |
| | Address: | 125 Stephen Drive, Stonington, CT 06378 | |
| Additional Plaintiff | Name: | | P-02 |
| | Address: | | |
| First Defendant | Name: | Electric Boat Corporation | D-01 |
| | Address: | 75 Eastern Point Road, Groton, CT 06340 | AFS: CT Corporation System<br>67 Burnside Avenue, East Hartford, CT 06108-3408 |
| Additional Defendant | Name: | | D-02 |
| | Address: | | |
| Additional Defendant | Name: | | D-03 |
| | Address: | | |
| Additional Defendant | Name: | | D-04 |
| | Address: | | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left<br>Lorenzo J. Cicchiello, Esq. | Date signed<br>7/12/18 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | A TRUE COPY ATTEST: |
| | JOSEPH A. HOMELSON<br>STATE MARSHAL |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Summary Process actions
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals

(f) Proceedings pertaining to arbitration
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description | Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| Miscellaneous | M 00 | Injunction | | T 28 | Malpractice - Medical |
| | M 10 | Receivership | | T 29 | Malpractice - Legal |
| | M 20 | Mandamus | | T 30 | Malpractice - All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 40 | Assault and Battery |
| | M 40 | Arbitration | | T 50 | Defamation |
| | M 50 | Declaratory Judgment | | T 61 | Animals - Dog |
| | M 63 | Bar Discipline | | T 69 | Animals - Other |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 70 | False Arrest |
| | M 68 | Bar Discipline - Inactive Status | | T 71 | Fire Damage |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | T 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 83 | Small Claims Transfer to Regular Docket | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 84 | Foreign Protective Order | | V 05 | Motor Vehicles* - Property Damage only |
| | M 90 | All other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Housing | H 10 | Housing - Return of Security Deposit | | V 09 | Motor Vehicle* - All other |
| | H 12 | Housing - Rent and/or Damages | | V 10 | Boats |
| | H 40 | Housing - Audita Querela/Injunction | | V 20 | Airplanes |
| | H 50 | Housing - Administrative Appeal | | V 30 | Railroads |
| | H 60 | Housing - Municipal Enforcement | | V 40 | Snowmobiles |
| | H 90 | Housing - All Other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

RETURN DATE: TUE., AUGUST 21, 2018:     SUPERIOR COURT

DANIEL DENSON             :     J. D. OF NEW LONDON

VS.                        :     AT NEW LONDON

ELECTRIC BOAT CORPORATION    :     JULY 11, 2018

## COMPLAINT

### COUNT ONE:  Violation of the Americans with Disabilities Act (ADA)

1.    At all times mentioned herein, the **plaintiff, Daniel Denson,** was and is a resident of the Town of Stonington, County of New London and State of Connecticut.

2.    At all times mentioned herein, the **defendant, Electric Boat Corporation,** was and is a corporation authorized to transact business in the State of Connecticut with its principal business address being 75 Eastern Point Road, Groton, Connecticut. At all times herein mentioned, the defendant employed at least seventy-five (75) people.

3.    On or about December 2007, the plaintiff began a second term of employment with the defendant. In 2017, the plaintiff's job title was Administrative Clerk II and plaintiff worked in the Test Records Department, Department 221. The plaintiff was the only male employee in said department.

4.    In 2017, though the plaintiff performed his duties in a satisfactory and capable manner, the plaintiff endured a course of discrimination by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to plaintiff, based on his physical disability, age, and gender.

5.    The discriminatory conduct of the defendant, its agents, servants and employees has

adversely affected the plaintiff with respect to the terms, conditions and privileges of his employment because of plaintiff's physical disabilities age, and gender.

6. In particular, conduct discriminatory in nature against plaintiff by defendant, its agents, servants or employees consists of the following:

a) For several years prior to 2017, the plaintiff suffered from a left hip condition which substantially limited his major life activities and required extensive medical treatment.

b) On or about February 21, 2017, the plaintiff had a hip replacement. Plaintiff was granted leave from February 21, 2017 to August 2017 to recuperate from said surgery.

c) While out on leave from surgery, the plaintiff began to receive telephone calls from Kristen Enoch, and Emily, both female co-workers, who asked about when I was going to return to work. The plaintiff also received similar telephone calls from Judy Algiere, an employee of the defendant in another department, who is the wife of James Algiere, the superintendent of the defendant's shipyard.

d) Despite having leave until August 2017, the plaintiff's physician cleared plaintiff to return to work on or about May 4, 2017.

e) On or about May 5, 2017, the plaintiff returned to work and was told by his supervisor, Rita Barber, to meet with James Algiere, the superintendent, who abruptly and callously informed plaintiff that he was being transferred to Department 355. James Algiere refused to give plaintiff an opportunity to discuss

the transfer.

f)    On or about May 8, 2017, the plaintiff reported to the new position in Department 355. The plaintiff was going to receive two days of training from Paul Campo, shipyard clerk. While waiting for Paul Campo, the plaintiff was approached by Michael Miller, who told the plaintiff that he just lost his job because the new position in Department 355 was very physically demanding and required frequent, fast-paced walking throughout the shipyard to deliver material, which was pushed in a cart. While training the plaintiff, Paul Campo showed the plaintiff a list of other employees who started plaintiff's position in Department 355 and said they all quit within a very short period of time due to the physical demands of the position. Paul Campo asked the plaintiff if he was going to quit. The plaintiff replied that he would not quit.

g)    The first day of the new position was very hectic. Paul Campo and Rita Barber were both using the plaintiff to run all over the shipyard to deliver materials. At the end of the first day, Paul Campo merely gave the plaintiff a key to his cart and told plaintiff this is your job now, there is no training.

h)    On or about May 9, 2017, the plaintiff's wife, Kathy Denson, left a message for Rita Barber, informing here that plaintiff would be out of work because he had to take pain medication due to the pain in his left leg and hip.

i)    On or about May 10, 2017, the plaintiff reported to the Human Resources department and resigned his position because the plaintiff was forced into a

position that was too physically demanding. In addition, the plaintiff was not given any proper training or any opportunity to learn to perform the new position with his physical disabilities.

j)   The plaintiff was constructively discharged. The defendant transferred the plaintiff to a more physically demanding position upon his return from a major surgery and expected the plaintiff to fulfill the physical requirements of said position without any job training or transitional period.

k)   Furthermore, the plaintiff was the only male employee at the Test Records Department. While Rita Barber was not working, Stacey Brandes would act as a supervisor. During these times, Stacey Brandes would state the Test Records Department should be staffed exclusively by female employees.

l)   Moreover, the plaintiff was sixty-seven (67) at the time of his termination. The plaintiff was the oldest and most senior employee in the Test Records Department. Younger female employees with less seniority could have been transferred to the new position, but the defendant singled out the plaintiff for the transfer the day after the plaintiff returned from major surgery. The plaintiff's physical disabilities, gender, and age were motivating factors in the decision to transfer plaintiff and force the plaintiff from his employment with the defendant.

7.   The plaintiff was unlawfully discharged because of his physical disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

8.   The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and

Opportunities (CHRO), which was concurrently filed with the Equal Employment Opportunity Commission (EEOC), to seek redress under state and federal law, and plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction (Exhibit A) from the CHRO on June 6, 2018, pursuant to the work-sharing agreement between said agencies.

9.    As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.   As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.   As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT TWO:  Violation of the Connecticut General Statutes § 46a-60 (a)(1) – Physical Disabilities**

1-6.   Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Two as if fully set forth herein.

7.    The defendant's conduct constitutes a violation of Connecticut General Statutes § 46a-60 (a)(1).

8.    The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and

Opportunities (CHRO), which was concurrently filed with the Equal Employment Opportunity Commission (EEOC), to seek redress under state and federal law, and plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction (Exhibit A) from the CHRO on June 6, 2018, pursuant to the work-sharing agreement between said agencies.

9.    As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.   As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.   As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT THREE:  Violation of the Connecticut General Statutes § 46a-60 (a)(1) – Gender**

1-6.  Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Three as if fully set forth herein.

7.    The defendant's conduct constitutes a violation of Connecticut General Statutes § 46a-60 (a)(1).

8.    The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was concurrently filed with the Equal Employment

Opportunity Commission (EEOC), to seek redress under state and federal law, and plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction (Exhibit A) from the CHRO on June 6, 2018, pursuant to the work-sharing agreement between said agencies.

9.   As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.  As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.  As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

## COUNT FOUR:  Violation of the Connecticut General Statutes § 46a-60 (a)(1) – Age

1-6. Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Four as if fully set forth herein.

7.   The defendant's conduct constitutes a violation of Connecticut General Statutes § 46a-60 (a)(1).

8.   The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was concurrently filed with the Equal Employment Opportunity Commission (EEOC), to seek redress under state and federal law, and

plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction (Exhibit A) from the CHRO on June 6, 2018, pursuant to the work-sharing agreement between said agencies.

9.     As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.    As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.    As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

## COUNT FIVE:  Violation of the Age Discrimination in Employment Act (ADEA)

1-6.   Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Five as if fully set forth herein.

7.     The defendant's conduct constitutes a violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

8.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was concurrently filed with the Equal Employment Opportunity Commission (EEOC), to seek redress under state and federal law, and plaintiff has exhausted all administrative remedies having received a Release of

Jurisdiction (Exhibit A) from the CHRO on June 6, 2018, pursuant to the work-sharing agreement between said agencies.

9. As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10. As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11. As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

## COUNT SIX:  Violation of The Family Medical Leave Act (FMLA) - Retaliation

1-6. Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Six as if fully set forth herein.

7. The defendant pressured plaintiff to return to work before the expiration of plaintiff's medical leave then failed to return the plaintiff to his employment position or a position with similar employment conditions upon the plaintiff's return from leave under the Family Medical Leave Act. Furthermore, the defendant transferred plaintiff to a much more physically demanding position the next workday after plaintiff returned from medical leave, denying plaintiff's request for adequate training or time to accommodate his mind and body to the rigors of the new position.

8.    The plaintiff's decision to transfer plaintiff to a new position was retaliatory and led to the constructive discharge of the plaintiff in violation of 29 U.S.C. § 2615 (a)(2).

9.    As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.   As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.   As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT SEVEN:  Violation of The Family Medical Leave Act (FMLA) - Interference**

1-6.  Paragraphs one through six of Count One are incorporated by reference and made paragraphs one through six of this Count Seven as if fully set forth herein.

7.    The defendant pressured plaintiff to return to work before the expiration of plaintiff's medical leave then failed to return the plaintiff to his employment position or a position with similar employment conditions upon the plaintiff's return from leave under the Family Medical Leave Act. Furthermore, the defendant transferred plaintiff to a much more physically demanding position the next workday after plaintiff returned from medical leave, denying plaintiff's request for adequate training or time to accommodate his mind and body to  the rigors of the new position.

8.    The defendant interfered with plaintiff's rights under the Family Medical Leave Act in violation of 29 U.S.C. § 2615 (a)(2).

9.    As a proximate result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of substantial employment wages and earnings.

10.   As a further result of defendant's unlawful discharge of plaintiff, he has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

11.   As a further result of defendant's unlawful discharge of the plaintiff, he has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1. Just, fair and reasonable damages;

2. Attorney's fees;

3. Taxable Costs;

4. Such other remedies as available under law and/or equity and as the Court deems appropriate;

5. A trial by jury.

THE PLAINTIFF, DANIEL DENSON

BY_____

Lorenzo J. Cicchiello, Esq.
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
His Attorney

A TRUE COPY, ATTEST:

JOSEPH A. HOMELSON
STATE MARSHAL

RETURN DATE: TUE., AUGUST 21, 2018    :    SUPERIOR COURT

DANIEL DENSON    :    J. D. OF NEW LONDON

VS.    :    AT NEW LONDON

ELECTRIC BOAT CORPORATION    :    JULY 11, 2018

### STATEMENT OF AMOUNT OF DEMAND

The amount of demand for the above matter is greater than FIFTEEN THOUSAND

DOLLARS ($15,000.00), exclusive of costs and interest.

THE PLAINTIFF, DANIEL DENSON

BY _____

    Lorenzo J. Cicchiello
    His Attorney
    Firm Juris # 419515
    Cicchiello & Cicchiello, LLC
    582 West Main Street
    Norwich, CT 06360
    860.886.9300

A TRUE COPY ATTEST:

JOSEPH A. HOMELSON
STATE MARSHAL

# EXHIBIT A

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Daniel W. Denson
**COMPLAINANT**

                                                   CHRO No. 1740379

vs.                                         EEOC No.  16A201701160

Electric Boat Corporation
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

                                      *Tanya A. Hughes*

**DATE:** June 6, 2018                        Tanya A. Hughes, Executive Director

cc: Complainant: Daniel W. Denson, 125 Stephen Drive, Stonington, CT 06378
    Complainant's Attorney: Lorenzo J. Cicchiello:lorenzo.cicchiello@yahoo.com
    Respondent: n/a
    Respondent's Attorney: Shane R. Goodrich: sgoodrich@morganbrown.com
    Case File

State of Connecticut )
                     ) ss: *East Hartford*                    7/17/18
County of Hartford   )

Then and by virtue hereof and by direction of the plaintiffs attorney

I made due and legal service upon ~~each of~~ the within named defendant~~s~~ *Electric Boat Corporation* by leaving *a* true and attested cop~~y~~ of the within original writ, summons, ~~and~~ complaint *and exhibit* with and in the hands of *Gary J. Scappini,*                    Manager,

~~Fulfillment Specialist, Assistant Secretary, Person-in-charge of the Office~~ of CT Corporation

System, Agent for Service, who is duly authorized to accept service for the within named

defendant, in the said town of *East Hartford.*

And afterwards on *the 25th* day of *July,* ~~19    , I left a like~~ *2018,*

~~attorney,~~ I ~~made~~ due and legal service upon the within named *party The Connecticut Commission on Human Rights and Opportunities* ~~defendant corporation~~ by leaving a true and attested copy of the within original writ, *summons, complaint and exhibit with and in the hands of* ~~summons and complaint with~~ *Christopher Iverson, Clerk,* who is duly authorized to accept service for the within named ~~defendant corporation~~ *party, in the town of Hartford.*

The within is the original writ, summons, ~~and~~ complaint *and exhibit*

with my doings hereon endorsed.

| | | |
|---|---|---|
| Copy | $  3 4 . 0 0 | Attest: |
| Endorsement | 2 . 8 0 | |
| Service | 8 0 . 0 0 | *Joseph A. Homelson* |
| Travel: *5 Miles* | 2 . 7 3 | Joseph A. Homelson |
| | $ 1 1 9 . 5 3 | State Marshal |